☐ ORIGINAL

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   ROB B. VILLEZA (Cal. State Bar No.: 142820)
4  Assistant United States Attorney
   Deputy Chief, OCDETF Section
5       1400 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-6579
7       Facsimile: (213) 894-8845
        E-mail: [rob.villeza@usdoj.gov]
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11

12                  UNITED STATES DISTRICT COURT

13            FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,        ) CR No. 10-1236-R
                                    )
15              Plaintiff,          ) PLEA AGREEMENT
                                    )
16         v.                       )
                                    )
17 RICKY JAMES BRASCOM, ET AL.,     ) (UNDER SEAL)
                                    )
18              Defendants.         )
                                    )
19 _____ )

FILED
CLERK, U.S. DISTRICT COURT
JUN 2 0 2011
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

LODGED

2011 JUN 16 PM 3:

1  ANDRÉ BIROTTE JR.
   United States Attorney
2  ROBERT E. DUGDALE
   Assistant United States Attorney
3  Chief, Criminal Division
   ROB B. VILLEZA (Cal. State Bar No.: 142820)
4  Assistant United States Attorney
   Deputy Chief, OCDETF Section
5      1400 United States Courthouse
       312 North Spring Street
6      Los Angeles, California 90012
       Telephone: (213) 894-6579
7      Facsimile: (213) 894-8845
       E-mail: [rob.villeza@usdoj.gov]
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10

11                    UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  UNITED STATES OF AMERICA,     ) CR No. 10-1236-R
                                  )
15                 Plaintiff,     ) PLEA AGREEMENT
                                  )
16          v.                    )
                                  )
17  RICKY JAMES BRASCOM, ET AL.,  ) (UNDER SEAL)
                                  )
18               Defendants.      )
                                  )
19  _____)

20

21       1.   This constitutes the plea agreement between Marlon

22  Parris ("defendant") and the United States Attorney's Office for

23  the Central District of California ("the USAO") in the above-

24  captioned case.  This agreement is limited to the USAO and cannot

25  bind any other federal, state, local, or foreign prosecuting,

26  enforcement, administrative, or regulatory authorities.

27

28

General Plea Agreement.20100503

DEFENDANT'S OBLIGATIONS

2.  Defendant agrees to:

a) At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. Brascom, et al.</u>, CR No. 10-1236-R.

b) Not contest facts agreed to in this agreement.

c) Abide by all agreements regarding sentencing factors contained in this agreement.

d) Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e) Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f) Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

g) Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and submits a completed financial statement (form OBD-500) to the USAO prior to sentencing.

3.  Defendant further agrees:

a) Truthfully to disclose to law enforcement officials, at a date and time to be set by the USAO, the location of, defendant's ownership interest in, and all other information known to defendant about, all monies, properties, and/or assets

2

1  of any kind, derived from or acquired as a result of, or used to
2  facilitate the commission of, defendant's illegal activities, and
3  to forfeit all right, title, and interest in and to such items,
4  specifically including all right, title, and interest in and to
5  all United States currency, property and assets seized by law
6  enforcement, including: : (1) two 2010 Aston Martin Rapides; (2)
7  a 2009 BMW 750Li; (3) a 2008 Mercedes CL63 AMG; (4) $763,815 in
8  U.S. currency; (5) $24,366.50 in U.S. currency; (6) $40,000 in
9  U.S. currency; (7) $26,060 in U.S. currency; (8) $240,060 in U.S.
10  currency; and (8) a Polanti watch.  Defendant disclaims any
11  interest in the assets described above.

12          b) To the Court's entry of an order of forfeiture at or
13  before sentencing with respect to these assets and to the
14  forfeiture of the assets.

15          c) To take whatever steps are necessary to pass to the
16  United States clear title to the assets described above,
17  including, without limitation, the execution of a consent decree
18  of forfeiture and the completion of any other legal documents
19  required for the transfer of title to the United States.

20          d) Not to contest any administrative forfeiture
21  proceedings or judicial proceedings commenced against these
22  assets pursuant to 21 U.S.C. §§ 853 and 881; 18 U.S.C. §§ 924(d)
23  and 1956; 28 U.S.C. § 2461, or otherwise.  With respect to any
24  criminal forfeiture ordered as a result of this plea agreement,
25  defendant waives the requirements of Federal Rules of Criminal
26  Procedure 32.2 and 43(a) regarding notice of the forfeiture in
27  the charging instrument, announcements of the forfeiture at
28  sentencing, and incorporation of the forfeiture in the judgment.

3

1  Defendant acknowledges that forfeiture of the assets is part of
2  the sentence that may be imposed in this case and waives any
3  failure by the Court to advise defendant of this, pursuant to
4  Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the
5  Court accepts defendant's guilty plea.

6          e) Not to challenge, or assist any other person or
7  entity in falsely challenging, the judicial forfeiture of
8  $40,000.00 and $26,060.00 in U.S. currency, which is the subject
9  of civil forfeiture proceedings in <u>United States v. $40,000.00 in</u>
10 <u>U.S. Currency, et al.</u>, CV 11-2258 PA(OPx), pending in the Central
11 District of California.

12          f) Not to claim that reasonable cause to seize the
13 assets was lacking.

14          g) To prevent the transfer, sale, destruction, or loss
15 of any and all assets described above to the extent defendant has
16 the ability to do so.

17          h) To fill out and deliver to the USAO a completed
18 financial statement listing defendant's assets on a form provided
19 by the USAO.

20          i) That forfeiture of assets described above shall not
21 be counted toward satisfaction of any special assessment, fine,
22 restitution, costs, or other penalty the Court may impose.

23          j) To waive all constitutional and statutory challenges
24 to forfeiture of the assets described above on any grounds,
25 including that the forfeiture constitutes an excessive fine or
26 punishment.

27     4.    Defendant further agrees to cooperate fully with the
28 USAO, the DEA, and, as directed by the USAO, any other federal,

4

1  state, local, or foreign prosecuting, enforcement,

2  administrative, or regulatory authority.  This cooperation

3  requires defendant to:

4         a)   Respond truthfully and completely to all questions

5  that may be put to defendant, whether in interviews, before a

6  grand jury, or at any trial or other court proceeding.

7         b)   Attend all meetings, grand jury sessions, trials

8  or other proceedings at which defendant's presence is requested

9  by the USAO or compelled by subpoena or court order.

10        c)   Produce voluntarily all documents, records, or

11 other tangible evidence relating to matters about which the USAO,

12 or its designee, inquires.

13     5.   For purposes of this agreement: (1) "Cooperation

14 Information" shall mean any statements made, or documents,

15 records, tangible evidence, or other information provided, by

16 defendant pursuant to defendant's cooperation under this

17 agreement or pursuant to any letter agreement signed on some

18 future date if a proffer is held prior to the entry of a guilty

19 plea ("the Letter Agreement"); and (2) "Plea Information" shall

20 mean any statements made by defendant, under oath, at the guilty

21 plea hearing and the agreed to factual basis statement in this

22 agreement.

23                    THE USAO'S OBLIGATIONS

24     6.   The USAO agrees to:

25        a) Not contest facts agreed to in this agreement.

26        b) Abide by all agreements regarding sentencing factors

27 contained in this agreement.

28        c) At the time of sentencing, move to dismiss the

                              5

1  remaining count of the indictment as against defendant.
2  Defendant agrees, however, that at the time of sentencing the
3  Court may consider the dismissed count in determining the
4  applicable Sentencing Guidelines range, the propriety and extent
5  of any departure from that range, and the sentence to be imposed
6  after consideration of the Sentencing Guidelines and all other
7  relevant factors under 18 U.S.C. § 3553(a).

8        d) At the time of sentencing, provided that defendant
9  demonstrates an acceptance of responsibility for the offense up
10 to and including the time of sentencing, recommend a two-level
11 reduction in the applicable Sentencing Guidelines offense level,
12 pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary,
13 move for an additional one-level reduction if available under
14 that section.

15     7.   The USAO further agrees:

16       a)   Not to offer as evidence in its case-in-chief in
17 the above-captioned case or any other criminal prosecution that
18 may be brought against defendant by the USAO, or in connection
19 with any sentencing proceeding in any criminal case that may be
20 brought against defendant by the USAO, any Cooperation
21 Information.  Defendant agrees, however, that the USAO may use
22 both Cooperation Information and Plea Information: (1) to obtain
23 and pursue leads to other evidence, which evidence may be used
24 for any purpose, including any criminal prosecution of defendant;
25 (2) to cross-examine defendant should defendant testify, or to
26 rebut any evidence offered, or argument or representation made,
27 by defendant, defendant's counsel, or a witness called by
28 defendant in any trial, sentencing hearing, or other court

6

1  proceeding; and (3) in any criminal prosecution of defendant for
2  false statement, obstruction of justice, or perjury.

3          b)    Not to use Cooperation Information against
4  defendant at sentencing for the purpose of determining the
5  applicable guideline range, including the appropriateness of an
6  upward departure, or the sentence to be imposed, and to recommend
7  to the Court that Cooperation Information not be used in
8  determining the applicable guideline range or the sentence to be
9  imposed.  Defendant understands, however, that Cooperation
10 Information will be disclosed to the probation office and the
11 Court, and that the Court may use Cooperation Information for the
12 purposes set forth in U.S.S.G. § 1B1.8(b) and for determining the
13 sentence to be imposed.

14         c)    In connection with defendant's sentencing, to
15 bring to the Court's attention the nature and extent of
16 defendant's cooperation.

17         d)    If the USAO determines, in its exclusive judgment,
18 that defendant has both complied with defendant's obligations
19 under paragraphs 2, 3, and 4 above and provided substantial
20 assistance to law enforcement in the prosecution or investigation
21 of another ("substantial assistance"), to move the Court pursuant
22 to U.S.S.G. § 5K1.1 to fix an offense level and corresponding
23 guideline range below that otherwise dictated by the sentencing
24 guidelines, and to recommend a term of imprisonment within this
25 reduced range.  In addition, if the USAO determines, in its
26 exclusive judgment, that defendant has both complied with
27 defendant's obligations under paragraphs 2, 3, and 4 above and
28 provided substantial assistance meriting a term of imprisonment

7

below the mandatory minimum dictated by statute, the USAO will
move the Court pursuant to 18 U.S.C. § 3553(e) to impose a term
of imprisonment below that mandatory minimum.

DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

8.   Defendant understands the following:

a)   Any knowingly false or misleading statement by
defendant will subject defendant to prosecution for false
statement, obstruction of justice, and perjury and will
constitute a breach by defendant of this agreement.

b)   Nothing in this agreement requires the USAO or any
other prosecuting, enforcement, administrative, or regulatory
authority to accept any cooperation or assistance that defendant
may offer, or to use it in any particular way.

c)   Defendant cannot withdraw defendant's guilty plea
if the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1
for a reduced guideline range or 18 U.S.C. § 3553(e) for a
reduction below the mandatory minimum term of imprisonment or if
the USAO makes such a motion and the Court does not grant it or
if the Court grants such a USAO motion but elects to sentence
above the reduced range or at or above the mandatory minimum term
of imprisonment.

d)   At this time the USAO makes no agreement or
representation as to whether any cooperation that defendant has
provided or intends to provide constitutes or will constitute
substantial assistance.  The decision whether defendant has
provided substantial assistance will rest solely within the
exclusive judgment of the USAO.

e)   The USAO's determination whether defendant has

8

provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.

### NATURE OF THE OFFENSE

9.   Defendant understands that for defendant to be guilty of the crime charged in count one (violation of Title 21, United States Code, Section 846), the following must be true:

(A) beginning on a date unknown and ending on or about the dates alleged in count one, there was an agreement between two or more persons to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A); and

(B) defendant became a member of the conspiracy knowing of its object and intending to help accomplish it.

Moreover, in order for defendant to be subject to the statutory maximum and statutory minimum sentence set forth below, the government must prove beyond a reasonable doubt that defendant conspired to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine, a schedule II narcotic drug controlled substance, as described in count one of the indictment.

Defendant admits that defendant is, in fact, guilty of this offense as described in count one of the indictment.

### PENALTIES

10.   Defendant understands that the statutory maximum

9

1  sentence that the Court can impose for a violation of Title 21,
2  United States Code, Section 846 is: life imprisonment; a lifetime
3  period of supervised release; a fine of $4,000,000 or twice the
4  gross gain or gross loss resulting from the offense, whichever is
5  greatest; and a mandatory special assessment of $100.  Absent a
6  determination by the Court that defendant's case satisfies the
7  criteria set forth in 18 U.S.C. § 3553(f) and United States
8  Sentencing Guideline § 5C1.2, the statutory mandatory minimum
9  sentence that the Court must impose for a violation of Title 21,
10  United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A), is
11  10 years imprisonment, followed by a supervised release term of
12  at least five years.

13       11.  Defendant understands that supervised release is a
14  period of time following imprisonment during which defendant will
15  be subject to various restrictions and requirements.  Defendant
16  understands that if defendant violates one or more of the
17  conditions of any supervised release imposed, defendant may be
18  returned to prison for all or part of the term of supervised
19  release authorized by statute for the offense that resulted in
20  the term of supervised release, which could result in defendant
21  serving a total term of imprisonment greater than the statutory
22  maximum stated above.

23       12.  Defendant understands that, by pleading guilty,
24  defendant may be giving up valuable government benefits and
25  valuable civic rights, such as the right to vote, the right to
26  possess a firearm, the right to hold office, and the right to
27  serve on a jury.  Defendant understands that once the court
28  accepts defendant's guilty plea, it will be a federal felony for

10

defendant to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

13.  Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory.  The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

14.  Defendant and the USAO agree to the statement of facts provided below.  Defendant and the USAO agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

15.  Defendant admits that, as alleged in count one of the indictment, in the Central District of California, defendant

11

1 | conspired with co-defendants Ricky James Brascom, Jerone Brascom,
2 | Heriberto Lopez, and others, to distribute at least five
3 | kilograms of cocaine launder money.  Defendant committed the
4 | following acts, among others, in furtherance of the conspiracy:

5 |         a.  During a series of intercepted phone conversations
6 | between 9/30/10 and 10/2/10, Ricky James Brascom obtained 118
7 | kilograms of cocaine from Lopez and arranged for Jerone Brascom
8 | to deliver the cocaine to his distributors and collect drug
9 | proceeds in Baltimore.  On 10/1/10, at the direction of Ricky
10 | James Brascom, defendant flew with the cocaine to Baltimore by
11 | charter jet, piloted by Leonardo Concepcion.  On 10/2/10, Jerone
12 | Brascom confirmed with Ricky James Brascom that he and defendant
13 | had collected drug proceeds and Ricky James Brascom instructed
14 | Jerone Brascom and defendant to deliver 20 kilograms of cocaine
15 | to "M," 18 kilograms of cocaine to "Cuzzo," and 80 kilograms of
16 | cocaine to "SM."

17 |         b.  During a series of intercepted phone conversations
18 | between 10/7/10 and 10/11/10, Ricky James Brascom arranged with
19 | Jerone Brascom to receive cash derived from drug trafficking to
20 | help pay for the cocaine seized on 9/28/10.  On 10/7/10, Jerone
21 | Brascom drove defendant to the airport with a carry-on suitcase
22 | containing $240,060 in cash which defendant knew was derived from
23 | drug trafficking and intended to deliver to Ricky James Brascom
24 | in Los Angeles.  However, when defendant's plane landed in
25 | Phoenix for a connecting flight to Los Angeles, the cash was
26 | seized by police after it was found in defendant's carry-on
27 | suitcase.  In a subsequent intercepted call, defendant told Ricky
28 | James Brascom that the cash was seized by police.

## SENTENCING FACTORS

16.   Defendant understands that in determining defendant's sentence the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence and sentencing range established under the Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

17.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| Base Offense Level | : | 33 | [U.S.S.G. § 2D1.1][1] |
| Adjustments | | | |
| Mitigating Role: | | -2 | [U.S.S.G. § 3B1.2(b)] |
| Acceptance of Responsibility | : | -3 | [U.S.S.G. § 3E1.1] |
| Total | : | 28 | |

Except as agreed to above, and subject to paragraph 25 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to

---

[1]Pursuant to USSG 2D1.1(a)(5), the base offense level is decreased three levels (to 33) because the parties agree that defendant should receive a mitigating role adjustment.

1 the offense level be imposed. Defendant agrees, however, that
2 if, after signing this agreement but prior to sentencing,
3 defendant were to commit an act, or the USAO were to discover a
4 previously undiscovered act committed by defendant prior to
5 signing this agreement, which act, in the judgment of the USAO,
6 constituted obstruction of justice within the meaning of U.S.S.G.
7 § 3C1.1, the USAO would be free to seek the enhancement set forth
8 in that section. Defendant understands that defendant's offense
9 level could be increased if defendant is a career offender under
10 U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so
11 altered, defendant and the USAO will not be bound by the
12 agreement to Sentencing Guideline factors set forth above.

13      18.  Defendant understands that there is no agreement as to
14 defendant's criminal history or criminal history category.

15      19.  Defendant and the USAO reserve the right to argue for a
16 sentence outside the sentencing range established by the
17 Sentencing Guidelines based on the factors set forth in 18 U.S.C.
18 § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

19                    WAIVER OF CONSTITUTIONAL RIGHTS

20      20.  Defendant understands that by pleading guilty,
21 defendant gives up the following rights:

22           a) The right to persist in a plea of not guilty.

23           b) The right to a speedy and public trial by jury.

24           c) The right to the assistance of an attorney at trial,
25 including the right to have the Court appoint an attorney to
26 represent defendant at trial. Defendant understands, however,
27 that, despite defendant's guilty plea, defendant retains the
28 right to be represented by an attorney -- and, if necessary, to

have the Court appoint an attorney if defendant cannot afford one
-- at every other stage of the proceeding.

    d) The right to be presumed innocent and to have the
burden of proof placed on the government to prove defendant
guilty beyond a reasonable doubt.

    e) The right to confront and cross-examine witnesses
against defendant.

    f) The right to testify on defendant's own behalf and
present evidence in opposition to the charges, including calling
witnesses and subpoenaing those witnesses to testify.

    g) The right not to be compelled to testify, and, if
defendant chose not to testify or present evidence, to have that
choice not be used against defendant.

    h) Any and all rights to pursue any affirmative
defenses, Fourth Amendment or Fifth Amendment claims, and other
pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

21. Defendant understands that, with the exception of an
appeal based on a claim that defendant's guilty plea was
involuntary, by pleading guilty defendant is waiving and giving
up any right to appeal defendant's conviction on the offense to
which defendant is pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

22. Defendant agrees that, provided the Court imposes a
term of imprisonment on the count of conviction of no more than
135 months, defendant gives up the right to appeal all of the
following: (a) the procedures and calculations used to determine
and impose any portion of the sentence; (b) the term of

15

imprisonment imposed by the Court; (c) the fine imposed by the
court, provided it is within the statutory maximum; (d) the term
of probation or supervised release imposed by the Court, provided
it is within the statutory maximum; and (e) any of the following
conditions of probation or supervised release imposed by the
Court: the standard conditions set forth in General Orders 318,
01-05, and/or 05-02 of this Court; the drug testing conditions
mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol
and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

23.  The USAO agrees that, provided (a) all portions of the
sentence are at or below the statutory maximum specified above
and (b) the Court imposes a term of imprisonment of no less than
120 months, the USAO gives up its right to appeal any portion of
the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

24.  Defendant agrees that if, after entering a guilty plea
pursuant to this agreement, defendant seeks to withdraw and
succeeds in withdrawing defendant's guilty plea on any basis
other than a claim and finding that entry into this plea
agreement was involuntary, then (a) the USAO will be relieved of
all of its obligations under this agreement, including in
particular its obligations regarding the use of Cooperation
Information; (b) in any investigation, criminal prosecution, or
civil, administrative, or regulatory action, defendant agrees
that any Cooperation Information and any evidence derived from
any Cooperation Information shall be admissible against
defendant, and defendant will not assert, and hereby waives and
gives up, any claim under the United States Constitution, any

16

1  statute, or any federal rule, that any Cooperation Information or
2  any evidence derived from any Cooperation Information should be
3  suppressed or is inadmissible; (c) the USAO will be relieved of
4  all of its obligations under this agreement; and (d) should the
5  USAO choose to pursue any charge that was either dismissed or not
6  filed as a result of this agreement, then (i) any applicable
7  statute of limitations will be tolled between the date of
8  defendant's signing of this agreement and the filing commencing
9  any such action; and (ii) defendant waives and gives up all
10  defenses based on the statute of limitations, any claim of pre-
11  indictment delay, or any speedy trial claim with respect to any
12  such action, except to the extent that such defenses existed as
13  of the date of defendant's signing this agreement.

14                    EFFECTIVE DATE OF AGREEMENT

15       25.   This agreement is effective upon signature and
16  execution of all required certifications by defendant,
17  defendant's counsel, and an Assistant United States Attorney.

18                      BREACH OF AGREEMENT

19       26.   Defendant agrees that if defendant, at any time after
20  the signature of this agreement and execution of all required
21  certifications by defendant, defendant's counsel, and an
22  Assistant United States Attorney, knowingly violates or fails to
23  perform any of defendant's obligations under this agreement ("a
24  breach"), the USAO may declare this agreement breached.  For
25  example, if defendant knowingly, in an interview, before a grand
26  jury, or at trial, falsely accuses another person of criminal
27  conduct or falsely minimizes defendant's own role, or the role of
28  another, in criminal conduct, defendant will have breached this

17

agreement.  All of defendant's obligations are material, a single
breach of this agreement is sufficient for the USAO to declare a
breach, and defendant shall not be deemed to have cured a breach
without the express agreement of the USAO in writing.  If the
USAO declares this agreement breached, and the Court finds such a
breach to have occurred, then:

(a) If defendant has previously entered a guilty plea
pursuant to this agreement, defendant will not be able to
withdraw the guilty plea.

(b) The USAO will be relieved of all its obligations
under this agreement; in particular, the USAO: (i) will no longer
be bound by any agreements concerning sentencing and will be free
to seek any sentence up to the statutory maximum for the crime to
which defendant has pleaded guilty; (ii) will no longer be bound
by any agreements regarding criminal prosecution, and will be
free to criminally prosecute defendant for any crime, including
charges that the USAO would otherwise have been obligated to
dismiss pursuant to this agreement; and (iii) will no longer be
bound by any agreement regarding the use of Cooperation
Information and will be free to use any Cooperation Information
in any way in any investigation, criminal prosecution, or civil,
administrative, or regulatory action.

c)    The USAO will be free to criminally prosecute
defendant for false statement, obstruction of justice, and
perjury based on any knowingly false or misleading statement by
defendant.

d)    In any investigation, criminal prosecution, or
civil, administrative, or regulatory action: (i) defendant will

1. not assert, and hereby waives and gives up, any claim that any
2. Cooperation Information was obtained in violation of the Fifth
3. Amendment privilege against compelled self-incrimination; and
4. (ii) defendant agrees that any Cooperation Information and any
5. Plea Information, as well as any evidence derived from any
6. Cooperation Information or any Plea Information, shall be
7. admissible against defendant, and defendant will not assert, and
8. hereby waives and gives up, any claim under the United States
9. Constitution, any statute, Rule 410 of the Federal Rules of
10. Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure,
11. or any other federal rule, that any Cooperation Information, any
12. Plea Information, or any evidence derived from any Cooperation
13. Information or any Plea Information should be suppressed or is
14. inadmissible.
15.     27. Following the Court's finding of a knowing breach of
16. this agreement by defendant, should the USAO choose to pursue any
17. charge or any allegation of a prior conviction for a felony drug
18. offense that was either dismissed or not filed as a result of
19. this agreement, then:
20.     a) Defendant agrees that any applicable statute of
21. limitations is tolled between the date of defendant's signing of
22. this agreement and the filing commencing any such action.
23.     b) Defendant waives and gives up all defenses based on
24. the statute of limitations, any claim of pre-indictment delay, or
25. any speedy trial claim with respect to any such action, except to
26. the extent that such defenses existed as of the date of
27. defendant's signing this agreement.
28.

## COURT AND PROBATION OFFICE NOT PARTIES

28.  Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a

20

1  binding prediction or promise regarding the sentence defendant
2  will receive, except that it will be within the statutory
3  maximum.

### NO ADDITIONAL AGREEMENTS

5    31.  Defendant understands that, except as set forth herein,
6  there are no promises, understandings, or agreements between the
7  USAO and defendant or defendant's attorney, and that no
8  additional promise, understanding, or agreement may be entered
9  into unless in a writing signed by all parties or on the record
10  in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

12    32.  The parties agree that this agreement will be
13  considered part of the record of defendant's guilty plea hearing
14  as if the entire agreement had been read into the record of the
15  proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA
18
    ANDRÉ BIROTTE JR.
19  United States Attorney

20  _____        _6/16/11_____
21  ROB B. VILLEZA                          Date
    Assistant United States Attorney
22

23  X _____        _6-16-11_____
24  MARLON PARRIS                           Date
    Defendant
25

26  _____        _6-16-11_____
27  DAVID M. PHILIPS                        Date
    Attorney for Defendant
28  Marlon Parris

                          21

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

X _____          6-16-11
MARLON PARRIS                               Date
Defendant

22

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Marlon Parris' attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          6-16-11
DAVID M. PHILIPS                          _____
Attorney for Defendant                    Date
Marlon Parris

23

CERTIFICATE OF SERVICE

I, **STELLA GONZALES,** declare:

That I am a citizen of the United States and resident or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, United States Courthouse, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**PLEA AGREEMENT (Under seal)**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[X] Placed in a sealed envelope for collection and mailing via United States Mail, addressed as follows:

[ ] By hand delivery addressed as follows:

[ ] By facsimile as follows:

[ ] By messenger as follows:

[ ] By federal express as follows:

[ ] E-filing

[ ] By E-mailing

David M. Philips
3853 Brockton Avenue
Riverside, CA 92501

This Certificate is executed on **June 16, 2011**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

STELLA GONZALES