```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  ROBERT E. DUGDALE
    Assistant United States Attorney
 3  Chief, Criminal Division
    ~~TIMOTHY J. SEARIGHT~~ (Cal. Bar No. 151387) ROB B. VILLEZA 142920
 4  Assistant United States Attorney
         1400 United States Courthouse
 5       312 North Spring Street
         Los Angeles, California 90012
 6       Telephone: (213) 894-~~3749~~ 6579
         Facsimile: (213) 894-0142
 7       E-mail: ~~timothy.searight~~@usdoj.gov
                 ROB. VILLEZA
 8  Attorneys for Plaintiff
    United States of America
 9
```

FILED
CLERK, U.S. DISTRICT COURT
MAR 21 2013
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. CR-13-1236 R-2 |
|---|---|
| Plaintiff, | ) |
| | ) GOVERNMENT'S NOTICE OF REQUEST |
| v. | ) FOR DETENTION |
| CHARLES DWIGHT RANSOM | ) |
| Defendant. | ) |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

    1. <u>Temporary 10-day Detention Requested (§ 3142(d))</u> <u>on the following grounds</u>:

        a. present offense committed while defendant was on release pending (felony trial), (sentencing), (appeal), or on (probation) (parole); <u>or</u>

        b. defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

|   |   |   |
|---|---|---|
| ___ | c. | defendant may flee; or |
| ___ | d. | pose a danger to another or the community. |

X  2.  <u>Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure</u>:

    X  a. the appearance of the defendant as required;

    X  b. safety of any other person and the community.

___  3.  <u>Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a))</u>:

    ___  a. defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

    ___  b. defendant cannot establish by clear and convincing evidence that he/she will not flee.

x  4.  <u>Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e))</u>:

    x  a. Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ___  b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

    ___  c. offense involving a minor victim under 18 U.S.C.

|    |   |    |    |                                                                                         |
|----|---|----|----|-----------------------------------------------------------------------------------------|
| 1  |   |    |    | §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245,                                            |
| 2  |   |    |    | 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-                                            |
| 3  |   |    |    | 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425                                             |
| 4  |   |    |    | (presumption of danger to community and flight                                          |
| 5  |   |    |    | risk);                                                                                  |
| 6  |   | ___ | d. | defendant currently charged with an offense                                            |
| 7  |   |    |    | described in paragraph 5a - 5e below, <u>AND</u>                                        |
| 8  |   |    |    | defendant was previously convicted of an offense                                        |
| 9  |   |    |    | described in paragraph 5a - 5e below (whether                                           |
| 10 |   |    |    | Federal or State/local), <u>AND</u> that previous                                       |
| 11 |   |    |    | offense was committed while defendant was on                                            |
| 12 |   |    |    | release pending trial, <u>AND</u> the current offense                                   |
| 13 |   |    |    | was committed within five years of conviction or                                        |
| 14 |   |    |    | release from prison on the above-described                                              |
| 15 |   |    |    | previous conviction (presumption of danger to                                           |
| 16 |   |    |    | community).                                                                             |
| 17 | _X_ | 5. |    | <u>Government Is Entitled to Detention Hearing</u>                                      |
| 18 |   |    |    | <u>Under § 3142(f) If the Case Involves</u>:                                            |
| 19 |   | ___ | a. | a crime of violence (as defined in 18 U.S.C.                                           |
| 20 |   |    |    | § 3156(a)(4)) or Federal crime of terrorism (as                                         |
| 21 |   |    |    | defined in 18 U.S.C. § 2332b(g)(5)(B)) for which                                        |
| 22 |   |    |    | maximum sentence is 10 years' imprisonment or                                           |
| 23 |   |    |    | more;                                                                                   |
| 24 |   | _X_ | b. | an offense for which maximum sentence is life                                          |
| 25 |   |    |    | imprisonment or death;                                                                  |
| 26 |   | _X_ | c. | Title 21 or MDLEA offense for which maximum                                            |
| 27 |   |    |    | sentence is 10 years' imprisonment or more;                                             |
| 28 |   |    |    |                                                                                         |

|  |  |  |
|---|---|---|
| \_\_\_\_ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses; |
| \_\_\_\_ | e. | any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250; |
| _X_ | f. | serious risk defendant will flee; |
| \_\_\_\_ | g. | serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so). |

\_\_\_\_   6.   Government requests continuance of \_\_\_\_ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

//
//
//

4

```
1      ____    7.   Good cause for continuance in excess of three days
2                   exists in that:
3               _____
4               _____
5               _____
6
7   DATED: March 21, 2013           Respectfully submitted,
8
9                                   [signature]
                                    ~~TIMOTHY J. SEARIGHT~~ ROB B. VILLEZA
10                                  Assistant United States Attorney
                                    Criminal Division
11
                                    Attorneys for Plaintiff
12                                  UNITED STATES OF AMERICA
```