ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
ROB B. VILLEZA (Cal. State Bar No. 142820)
Assistant United States Attorney
Deputy Chief, OCDETF Section

    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:     (213) 894-6579
    Fax:           (213) 894-8845
    E-mail address:   rob.villeza@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 10-1236-R |
|     Plaintiff, ) | STIPULATION FOR AN ORDER TO CONTINUE TRIAL DATE AND FOR EXCLUDABLE TIME UNDER THE SPEEDY TRIAL ACT |
|     v. ) | |
| RICKY JAMES BRASCOM, et al., ) | Current Trial Date: May 7, 2013 |
|     Defendants. ) | Proposed Trial Date: November 5, 2013 |

    Plaintiff United States of America, through its counsel of record, Assistant United States Attorney Rob B. Villeza, and defendant Charles Dwight Ransom, through his undersigned counsel, jointly request an order to continue the current trial date, from May 7, 2013, to November 5, 2013, and for excludable time pursuant to the Speedy Trial Act. This is the parties' first request for a trial continuance. The request is based on the

following stipulated facts:

1. On November 16, 2010, a federal grand jury returned a seven-count indictment charging 14 defendants with the following offenses: 21 U.S.C. § 846: Conspiracy to Distribute Cocaine; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii): Possession With Intent to Distribute Cocaine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 1956(h): Conspiracy to Launder Money; 18 U.S.C. §§ 1956(a)(1)(A)(i): Money Laundering; 18 U.S.C. § 2(a): Aiding and Abetting; and 21 U.S.C. § 853, 18 U.S.C. §§ 924(d), 982(a)(1), 28 U.S.C. § 2461©: Criminal Forfeiture.

2. The defendants who have appeared in this case have already pleaded guilty and been sentenced. Defendant Ransom was arrested on March 20, 2013, and had his initial appearance on March 21, 2013. He is detained pending trial. Co-defendant Heriberto Lopez is the only fully identified defendant who is a fugitive.

3. Defendant's appointed counsel, John N. McNicholas, has been advised that defendant may retain counsel Phillip Cohen, who represented defendant in United States v. Ransom, CR No. 03-701-FMO. In the meantime, Mr. McNicholas counsel is prepared to move forward and the government has provided him with a substantial amount of discovery, consisting of the following material:

- Wiretap applications, orders, 15-day reports, and sealing order for four wireless telephone numbers (1-167)
- Storage Direct records (168-176)

- Drug acquisition records, including lab report for cocaine seized on 10/30/10 (177-182)
- Seized property reports (183-239)
- DEA investigation reports (242, 245-262)
- Salina Police Department report dated 9/28/10 (263-267)
- DEA receipt of property record dated 9/28/10 (268)
- Salina Police Department supplemental report (269-271)
- Written statement of facts for Kansas state search warrant (272-275)
- Salina County search warrant dated 9/28/10 (276-288)
- Photographs of aircraft and cocaine packages taken on 9/28/10 (289-291)
- Officer notes re: 9/28/10 cocaine seizure (292-294)
- Evidence Custody report (295)
- I-70 Task Force officer list (296)
- Note of Ransom text message (297)
- Drug Task Force supplemental report (298-299)
- Written disclaimers by aircraft occupants (300-303)
- DEA investigation reports (304-314)
- Surveillance report for 10/13/10 (315)
- DEA investigation reports (316-407)
- VCAT surveillance notes (414-451)
- Ventura County Sheriff's reports (452-473)
- Search warrant for 9818 De Soto Avenue, Chatsworth, #35B (474-496)
- Search warrant for residence locations (497-537)

- Miscellaneous N exhibits (items recovered) (538-880)
- LASO reports re Velazquez and Cruzado arrests (881-989)
- Call recordings/line sheets for 424-201-9323
- Call recordings/line sheets for 424-288-6225
- Call recordings/line sheets for 424-672-5779
- Photos of drug seizure on 10/30/10
- Photos of search at Yucca residence on 11/2/10
- Photos of Chatsboro residence search on 11/2/10
- Photos of Farralone residence search on 11/2/10
- Photos of 48 kilos of cocaine in Kansas on 9/28/10
- Photos of cash and vehicles seizures.
- DEA Form 7 and corresponding lab report for the cocaine seized on 10/30/10 from a storage unit in Chatsworth, California (990-991)
- Draft transcripts of pertinent wiretap calls (992-1188)
- Phone subscriber records (1189-1204)
- DMV records for vehicles identified in DEA reports (1205-1231)
- DMV abstracts for defendants (1232-1240)
- Ventura County Sheriff's Department report re: Aston Martin purchased by Ricky Brascom and purchase records (1241-1275)
- DEA report re: seizure of $240,060 in cash on 10/7/10 (1276-1281)
- United, Continental, and Southwest Airlines flight records (1282-1561)
- DEA-7 and lab reports for a portion of the cocaine seized at

4

Case 2:10-cr-01236-R   Document 360   Filed 04/09/13   Page 5 of 10   Page ID #:1974

- the storage unit on 10/30/10 (1562-1564)
- Search warrant for seven cell phones found in the Toyota Avalon driven by Steven Velazquez on 10/30/10 (1565-1686)
- Minimization memoranda for CR. Misc. Nos. 10-269-PA and 10-269(a)-PA
- Recorded consent to search statements made by defendants Cruzado and Velazquez to the patrol officer in connection with the search of the Toyota Avalon on 10/30/10
- Text message transcriptions (1727-1773)
- CD containing transcriptions of pertinent wiretap calls
- DEA-7 and lab analysis reports for the cocaine seized on 9/28/10 in Salina, Kansas
- Material relating to the 7/18/08 seizure of about five kilograms of cocaine in a computer box delivered by defendant Ebron to the UPS office in Los Angeles, including drug photographs; lab report; DEA and local reports; wiretap lines sheets; state search warrant; and property record (1776-1817)
- CD containing wiretap recordings of calls that occurred in connection with the 7/18/08 seizure of five kilograms of cocaine in a computer box delivered by defendant Ebron to the UPS office in Los Angeles
- Draft transcripts of recordings that occurred in connection with the 7/18/08 cocaine seizure and a DEA report regarding efforts to verify shipping information (1818-1851)
- DHS report dated 4/7/11 re: tracked flights (1852-57)

- Starjet aircraft flight logs (1858-75)
- DEA report dated 11/3/10 re: seizure of 118.8 kilograms of cocaine on 10/30/10 (the report was previously produced and is found at bate no. 404; however, several pages of the copy are missing)
- Fingerprint report dated 4/25/11 re: no latent prints found on selected items seized from storage unit on 10/30/10.
- Photographs taken of cash seizure and Marlon Parris on 10/7/10 (1885-97)
- Marlon Parris medical records provided by attorney David Philips (1898-1924) (not included, but will be made available upon request)
- Bank of America account records in the name of Darrin Ebron, account no. xxx-481, including account statements for 9/10 - 10/10, and pertinent deposit slips and cash-in receipts, along with the declaration of Bank Officer Jennifer Long, marked as bate nos. 1925-1990 (not included, but will be made available upon request)
- A CD with the recorded interview of Marlon Parris on 10/7/10 (not included, but will be made available upon request)
- Two CDs with miscellaneous surveillance photographs
- A CD with photographs taken at Jerry's Deli on 10/14/10
- A redacted copy of the Phoenix Police Department report date 10/11/10 regarding the seizure of $240,060 from Marlon Parris (Nos. 1991-2002)
- Photographs of 8312 Beverly Blvd, L.A., CA (2003-08)

- Ebron's California DMV abstract (2009-10)
- Ebron's Maryland DMV abstract (2011-12)
- Request for Ebron's Maryland DMV abstract (2013 - omitted)
- Photographs of defendants (2014-20)
- UPS shipping document (2021)
- Cooperating witness reports (C1-C54) (the government has provided counsel with a stipulation for a protective order if counsel wishes to review the material)

5. Defendant is charged as a principal co-conspirator in the indictment which alleges activity in multiple districts, and are based on hundreds of federal wiretap recordings, surveillance, multiple drug and cash seizures, and the execution of search warrants at multiple locations. Given the nature of the allegations, the government has filed a notice of a complex case. Moreover, the parties agree that this case is "complex" as that term is defined in 18 U.S.C. § 3161(h)(7)(B)(ii) as this case involves complex legal and factual issues because of the enormous amount of discovery resulting from a multi-jurisdictional wiretap drug trafficking and money laundering investigation. However, since the government's case will focus on the allegations against defendant, its trial estimate is reduced from 13 to 16 days to 6 to 7 days to present the government's case-in-chief.

6. Given the allegations in the indictment and the substantial volume of discovery material, Mr. McNicholas will not be able to effectively represent defendant Ransom if he must be

7

prepared for trial by May 7, 2013. Mr. McNicholas needs time to review the numerous pertinent audio recordings, transcripts, text messages, reports, and must make arrangements to inspect items of evidence seized during the investigation. After reviewing the discovery, Mr. McNicholas will need time to conduct further investigation and determine whether he needs to prepare and file motions on behalf of defendant. Mr. McNicholas will also need to spend many hours with defendant reviewing the pertinent portions of discovery with his client who is in custody. With the additional time, Mr. McNicholas will able to evaluate whether it would be in his client's best interest to explore a pre-trial disposition with the government and, if the case proceeds to trial, confer with government counsel to resolve any discovery and pre-trial issues without the need for additional motions.

7. Moreover, Mr. McNicholas has several upcoming trials that would interfere with his ability to prepare for trial in this case, including a week-long trial beginning on May 14, 2013 in United States v. Sharma, CR No. 10-00456-CAS, and a week-long trial beginning on July 2, 2013 in United States v. Wilson, CR No. 08-1147-DDP. Government counsel has a trial beginning on October 1, 2013 in United States v. Robert Murillo Sanchez, CR No. 12-861-DMG, with 22 of the 42 charged defendants in custody.

8. For the reasons set forth above, the parties respectfully request an order to continue the trial date from May 7, 2013 to November 5, 2013.

9. The parties further request an order for excludable time

under the Speedy Trial Act. The parties submit that the ends of justice served by continuing the case as requested outweigh the interest of the public and defendants in a trial within the original date prescribed by the Speedy Trial Act. The parties submit that the failure to grant the requested continuance would unreasonably deny counsel for defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. The parties respectfully request that, for purposes of computing the time under the Speedy Trial Act of 1974, 18 U.S.C. § 3161 et. seq., within which trial must commence, the period from the filing date of this stipulation through August 17, 2011 (the proposed trial date), shall be deemed an excludable period pursuant to §§ 3161(h)(7)(A) and (B)(ii) of the Speedy Trial Act.

11. By signing this stipulation below, defense counsel confirms that he or she has carefully explained to the defendant his Speedy Trial rights and, in particular, his right to proceed with trial on May 7, 2013, and the request of the parties to continue the trial date to November 5, 2013. Defense counsel also confirms that the defendant concurs in the request to

//
//
//
//
//
//

9

1 | continue the trial date and for excludable time findings and
2 | believes that his concurrence is knowing and voluntary.
3 | DATED: April 9, 2013.

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

/s/ ROB B. VILLEZA
ROB B. VILLEZA
Assistant United States Attorney
Deputy Chief, OCDETF Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

/s/ JOHN N. McNICHOLAS        4/9/2013
JOHN N. McNICHOLAS            date
Attorney for defendant
CHARLES DWIGHT RANSOM

10